## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LISA GARDNER,

        Judgment Creditor,

and

CHERYLE HARDY,

        Judgment Debtor,

v.

        **Case No. 16-cv-4175-DDC-JPO**

FOREMOST INSURANCE
COMPANY GRAND RAPIDS,
MICHIGAN,

        Garnishee.

### MEMORANDUM AND ORDER

This matter comes before the court on Judgment Creditor Lisa Gardner's Motion to Remand (Doc. 7) and Motion for Default Judgment (Doc. 4). After considering the parties' arguments, the court denies Ms. Gardner's Motion to Remand and the Motion for Default Judgment. The court denies Foremost's Motion for Leave to File Surreply (Doc. 3) as moot.

### I. Factual and Procedural Background

The following facts come from Ms. Gardner's Reply to Answer of Garnishee, which she filed in in the District Court of Lyon County, Kansas on October 26, 2016 (Doc. 1-1 at 34–47), and the parties' briefs.

This lawsuit arises from injuries Ms. Gardner suffered from Ms. Hardy's dog. Ms. Gardner sued Ms. Hardy for her injures in the District Court of Lyon County, Kansas, and on December 7, 2015, the court entered a final judgment against Ms. Hardy for $899,293.70. On

August 29, 2016, Ms. Gardner filed her Request for Garnishment. Foremost was served with the garnishment action on September 16, 2016.

Ms. Gardner filed a Motion for Default Judgment on October 25, 2016, alleging that Foremost failed to Answer the Garnishment Action within the time allowed under Kan. Stat. Ann. § 40-218. In her Motion for Default Judgment, Ms. Gardner concedes that Foremost had filed its Answer with the court on October 21, 2016, but she contends this was improper, and Foremost should have sent its Answer to her and her attorney. In its Answer, Foremost denies that it possessed any property, funds, credits or other indebtedness belonging to Ms. Gardner. Ms. Gardner filed a Reply to Foremost's Answer on October 26, 2016, in state court. Foremost filed a Notice of Removal on November 16, 2016, and removed the case to our court. Ms. Gardner now asks the court to remand the case to the state court because Foremost failed to file a timely Notice of Removal.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

The federal removal statutes require a defendant to remove an action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). But, "if the case stated by the initial pleading is not removable," the defendant must remove the action to federal court "within 30 days after receipt . . . of a copy of an amended

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Tenth Circuit has explained that "[t]he failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also Farm City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232, 1236 (D. Kan. 2002) (explaining that "the 30-day time requirement for removal is mandatory" but "not jurisdictional"); *Wichita Fed. Savings & Loan Assoc. v. Black*, No. 89-1089-K, 1989 WL 60141, at *1 (D. Kan. May 10, 1989) ("The time limitations established by § 1446(b) are mandatory and must be strictly applied.")

### III.    Analysis

The court first determines whether this case is properly in federal court. In its Notice of Removal, Foremost alleges diversity jurisdiction exists under 28 U.S.C. §1332(a). Although Ms. Gardner and Ms. Hardy are Kansas citizens, Foremost contends that the court should align their interests on the same side of the caption for purposes of the diversity analysis. This is correct. *See Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990) ("In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship." (citation omitted)). So, the court views Ms. Gardner and Ms. Hardy both as plaintiffs. Foremost is incorporated under the laws of Michigan and has its principal place of business in Michigan. Doc. 1 at 3. Foremost thus is a Michigan citizen for diversity purposes. 28 U.S.C. § 1332(c)(1). Because Foremost is not a citizen of Kansas for diversity jurisdiction

purposes, and the amount placed in controversy by the garnishment claim places more than $75,000 at issue, diversity jurisdiction exists.

Ms. Gardner does not dispute that diversity jurisdiction exists. Instead, she contests the timeliness of Foremost's removal under 28 U.S.C. § 1446(b). Section 1446 of Title 28 of the United States Code requires a party to remove an action to federal court within 30 days "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" if the case is removable when it is filed. 28 U.S.C. § 1446(b)(1). If a case is not initially removable, but later becomes removable, § 1446(b)(3) governs the procedure. It provides: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

For § 1446(b)(1) purposes, Ms. Gardner contends that Foremost "received . . . a copy of the initial pleading" when it received the Order of Garnishment on September 16, 2016, and that the 30-day clock began to run on that date. But Foremost contends the 30-day clock did not begin to run until October 25 and 26, 2016, when Ms. Gardner filed her Motion for Default Judgment and Reply. *See* Doc. 14 at 2–3. Foremost relies on *Farm & City Ins. Co. v. Johnson*, 190 F. Supp. 2d 1232 (D. Kan. 2002) to support its position.

In *Johnson*, the plaintiff obtained a default judgment against the defendant for $1,725. *Johnson*, 190 F. Supp. 2d at 1234. Plaintiff then sought to garnish defendant's wages from her employers, *id.*, and issuing orders to pay were served on defendant's two employers, on December 11, 2000 and on July 2, 2001. On October 15, 2001, plaintiff filed motions for judgment against the two employers, who, for brevity, are referred to as "Garnishees."

Garnishees then filed a Notice of Removal on November 16, 2011. *Id.* Plaintiff asserted this removal was untimely, claiming that the removal clock began to run when Garnishees received their orders to pay—not when plaintiff had filed her motions for judgment. *Id.* But our court agreed with Garnishees and held that the clock had begun to run when plaintiff filed her motion for judgment. The court reasoned that the garnishees' status shifted from that of mere stakeholders to real parties in interest when plaintiff filed her motions for judgment.

*Johnson*'s garnishees relied on 28 U.S.C. § 1442(a)(1) for removal. It provides:

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). *Johnson* recognized that § 1442(a)(1) is an "incident of federal supremacy" designed to "provide federal officials with a federal forum in which to raise defenses arising from their official duties." *Johnson*, 190 F. Supp. 2d at 1235. It also concluded that the "garnishees' compliance with or opposition to [the plaintiff's] motion for judgment against the agencies" could affect the operation of the federal government or prevent federal officers from performing their official duties. *Id.*

Importantly, our court found that controversies at issue in *Johnson* were not removable before plaintiff's motion for judgment, because, before plaintiff filed that, no threat to the federal officer's official duties had existed. *Id.* Relying on a Fifth Circuit case, our court concluded that § 1442(a)(1) does not authorize the removal of a case where the United States is only a

stakeholder. *Id.* (citing *Murray v. Murray*, 621 F.2d 103, 106–108 (5th Cir. 1980)). Also, *Johnson* concluded that the United States was merely a stakeholder until the motions for judgment because the orders for garnishment did not impact garnishees' obligation to pay defendant. *Id.* When plaintiff filed the motions for judgment in state court "for an amount in excess" of the amount of the order of garnishment, the nature of the garnishees' interest changed from that of a stakeholder to one where garnishees became a "real party in interest." *Id.* *Johnson* held Garnishees were on notice that the case had become removable when they received their motions for judgment against them. *Id.* at 1236. The court thus found that Garnishees timely removed the case under § 1446(b)(3). *Id.*

Here, Foremost contends that it occupies the same position as the garnishees in *Johnson*. Foremost asserts it was merely a stakeholder until Ms. Gardner filed her Motion for Default Judgment and Reply on October 25 and 26, 2016. But Foremost's argument ignores a material difference between this case and *Johnson*. In Johnson, removal depended on § 1442(a)(1), which provides removal for state court actions against United States agencies. Section 1442(a)(1) does not apply here, of course, because Foremost is not the "United States or any agency thereof." 28 U.S.C. § 1442(a)(1). Instead, removal is proper here under § 1332(a) because diversity jurisdiction exists. So, to determine when the 30-day clock began to run, the court must determine when the case became removable under § 1332(a).

Diversity jurisdiction existed once Foremost denied liability. *See Smotherman*, 755 F. Supp. at 348 ("In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship."). Foremost filed its Answer denying liability on October 21, 2016. The case thus became removable on that date, and the deadline for

removing the case came 30 days later on November 20, 2016. Foremost filed its Notice of

Removal on November 16, 2016, well within the 30-day deadline imposed by § 1446(b)(3).

Foremost's removal was timely, so Ms. Gardner's Motion to Remand is denied.

### IV.    Motion for Default Judgment

Ms. Gardner had moved for default judgment while the case was still spending in state

court. She refiled her Motion for Default Judgment in federal court on November 16, 2016.

Doc. 4. In her Motion, Ms. Gardner asserts that Foremost failed to answer or otherwise respond

to the Order of Garnishment within the 40 days allotted by Kan. Stat. Ann. § 40-218. This

statute provides: "The summons or order of garnishment . . . shall require the defendant or

garnishee to answer or otherwise respond by a certain day, not less than 40 days from the date

the summons or order of garnishment is served on the commissioner." Foremost was served on

September 12, 2016. The deadline for Foremost to respond was 40 days later, October 22, 2016.

Ms. Gardner alleges Foremost failed to Answer timely because it filed its Answer on

October 21, 2016. Ms. Gardner asserts that Kansas law required her to serve the Answer on  Ms.

Hardy and Ms. Gardner's attorney. Kan. Stat. Ann. § 60-738(b)(1) provides that within 40 days:

> [T]he garnishee shall send the completed answer to the judgment
> creditor's attorney at the address listed on the answer form or, if
> the judgment creditor does not have an attorney, to the judgment
> creditor and judgment debtor at the addresses listed on the answer
> form.

*Id.* Foremost contends that this subsection does not apply, and instead, subsection (b)(2) of § 60-

738. This part of the statute provides:

> If the garnishee does not have assets of the judgment debtor, the
> garnishee shall send the completed answer to the judgment
> creditor's attorney at the address listed on the answer form or, if
> the judgment creditor does not have an attorney, to the judgment
> creditor at the address listed on the answer form.

Foremost is correct. Foremost's Answer asserted that it had no assets of Ms. Hardy. So, Foremost complied with Kan. Stat. Ann. § 40-218 when it sent its Answer to Ms. Gardner's attorney and filed it with the court on October 21, 2016. Ms. Gardner's Motion for Default Judgment thus is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Judgment Creditor Lisa Gardner's Motion to Remand (Doc. 7) is denied.

**IT IS FURTHER ORDERED THAT** Judgment Creditor Lisa Gardner's Motion for Default Judgment (Doc. 4) is denied.

**IT IS FURTHER ORDERED THAT** Garnishee Foremost Insurance Company's Motion for Leave to File Surreply (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 25th day of May, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**